**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FEDERAL INSURANCE COMPANY,

      Plaintiff,

v.                                     Case No. 6:13-cv-1087-Orl-37KRS

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.;
PARK AVENUE AT METROWEST,
LTD.; and EPOCH MANAGEMENT,
INC.,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Hampton's at Metrowest Condominium Association, Inc., Park Avenue at Metrowest, Ltd., and Epoch Management, Inc.'s Motion to Dismiss (Doc. 22), filed August 21, 2013;

2. Federal Insurance Company's Response in Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. 25), filed September 9, 2013; and

3. Defendants' Unopposed Motion to Submit Additional Authorities (Doc. 36), filed January 22, 2014.

Upon consideration, the Court finds that Defendants' motion to dismiss is due to be granted.

**BACKGROUND**

This declaratory judgment action stems from ongoing state-court litigation in which

Defendant Hamptons at Metrowest Condominium Association, Inc. ("Association") is suing Defendants Park Avenue at Metrowest, Ltd. ("PAM"), a developer, and Epoch Management, Inc. ("Epoch"), a general contractor, for damages arising out of the defective design and construction of an apartment complex in Orlando. (Doc. 1, ¶¶ 10–20.) In 2012, the parties entered into settlement agreements, in which PAM agreed to the entry of a $40,000,000 consent judgment and Epoch agreed to the entry of a $5,000,000 consent judgment. (*Id.* ¶¶ 21–22.)

Plaintiff, a commercial liability insurer, is not a party to the underlying lawsuit. (*See* Doc. 1-1, pp. 1–2.) However, because Plaintiff issued a commercial excess and umbrella insurance policy to PAM ("Policy") that allegedly covers damages arising out of the underlying suit (Doc. 1, ¶ 25), the Association initiated a prejudgment garnishment proceeding against Plaintiff following the settlement agreements. (*See* Doc. 22, p. 2; Doc. 25, ¶ 7.) Plaintiff attempted to remove the proceeding to this Court, but the Court remanded for lack of subject-matter jurisdiction. *See Hamptons at Metrowest Condo. Assoc., Inc. v. Park Ave. at Metrowest, Ltd.*, No. 6:13-cv-608-Orl-31DAB, 2013 WL 2477236, at *1 (M.D. Fla. June 10, 2013). Thereafter, Plaintiff filed this Declaratory Judgment Act claim seeking a declaration that the Policy does not require Plaintiff to defend or indemnify PAM or Epoch from liability arising out of the underlying lawsuit. (Doc. 1, ¶¶ 38–54.)

Defendants move to dismiss on abstention grounds. (Doc. 22.) Plaintiff opposes. (Doc. 25.) This matter is now ripe for the Court's adjudication.

**STANDARDS**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), is an enabling act which

confers jurisdiction on courts to "declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Although district courts have jurisdiction to issue such declarations, they are "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Rather, courts may abstain from "proceed[ing] in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495. To determine whether to abstain, courts look to the following nine factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). This list is nonexclusive, and no single factor controls. *See id.*

## DISCUSSION

### I. Motion to Supplement

As a threshold matter, Defendants have moved pursuant to Rule 15(d) to

supplement their motion to dismiss with additional authority, namely, an order recently issued by Judge Honeywell abstaining from exercising jurisdiction over a declaratory judgment action brought by another insurer named in the underlying prejudgment garnishment proceedings. (Doc. 36 (citing *Mt. Hawley Ins. Co. v. Park Ave. at Metrowest*, No. 6:13-cv-556-Orl-36KRS, 2013 WL 6858946, at *5 (M.D. Fla. Dec. 30, 2013)).) The Court is aware of those related proceedings and will consider Judge Honeywell's December 30, 2013 order in conjunction with the authorities that Defendants have already presented in support of their motion to dismiss. Accordingly, Defendants' motion to supplement is due to be granted.

## II. Abstention

The parties' primary dispute turns on whether the state court will address Plaintiff's coverage defenses to PAM and Epoch's liability during the prejudgment garnishment proceeding, thereby resolving the same issues raised in this federal action.[1] Defendants assert that the court in the underlying lawsuit will address coverage. (Doc. 22, pp. 2–3.) Plaintiff contends that "the prejudgment garnishment proceeding is strictly prescribed and a final disposition of the prejudgment writ of garnishment will not determine any coverage issues." (Doc. 25, ¶ 7.)

Neither party presents evidence of the actual scope of the underlying garnishment proceeding. (*See* Docs. 22, 25.) However, "numerous reported decisions from Florida's

---

[1] Plaintiff also argues that because it is named only as a garnishee in the underlying action, the state-court garnishment proceeding and this federal action do not present parallel issues between parallel parties, as required by *Brillhart* for abstention. (Doc. 25, p. 7.) Plaintiff's involvement in the prejudgment garnishment proceedings, however, suffices to allow this Court to consider abstention. *See Mt. Hawley*, 2013 WL 6858946, at *3 (collecting cases in which federal courts have implicitly rejected Plaintiff's argument).

4

courts demonstrate that Florida courts may determine insurance coverage issues in the course of ancillary garnishment proceedings." *Mt. Hawley*, 2013 WL 6858946, at *4 (collecting cases); *see, e.g.*, *Federated Mut. Implement & Hardware Ins. Co. v. Griffin*, 237 So. 2d 38, 41–43 (Fla. 1st DCA 1970) (estopping a plaintiff from circumventing an insurer's coverage defenses raised in an ancillary garnishment proceeding). Accordingly, Plaintiff can present its coverage defenses in both the underlying prejudgment garnishment proceedings and in this declaratory judgment action.

The availability of coverage defenses in both fora favors abstention in this case, especially given that this Court has previously determined that the underlying garnishment proceedings are not removable. *See Hamptons*, 2013 WL 2477236, at *1. With removal foreclosed, Plaintiff's subsequent filing of this action suggests that it is attempting to pit this Court against the state court in a "race for res judicata" on the coverage issues.[2] *See Ameritas*, 411 F.3d at 1331. The Court is not inclined to engage in procedural fencing, nor will it permit Plaintiff to circumvent remand by filing this declaratory judgment claim. *See id.*

Moreover, the state court is in a better position to determine the coverage issues. Plaintiff's contention that "this action primarily depends upon the allegations of the [underlying complaint] and not whether the allegations are true" understates the task that Plaintiff presents to the Court. (Doc. 25, p. 12.) Plaintiff requests a declaration that it has neither a duty to defend nor a duty to indemnify PAM and Epoch in the underlying proceedings. (Doc. 1, ¶¶ 38–54.) While Plaintiff's duty to defend depends upon the

---

[2] As Plaintiff acknowledges, a coverage determination could entirely resolve the underlying dispute between Plaintiff and the Association. (Doc. 25, p. 11.)

5

allegations of the underlying complaint, the duty to indemnify requires actual coverage, measured by the facts as they unfold at trial or are inherent in a settlement agreement. *See Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1149 (11th Cir. 1994); *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, 344 F. Supp. 2d 1358, 1366 (M.D. Fla. 2004). The state court, which presided over the lengthy litigation of the underlying claims, is in a better position to evaluate the factual issues necessary to the indemnity determination. Additionally, Plaintiff represents that its obligations under its umbrella Policy are not triggered until PAM and Epoch exhaust their other applicable policies (Doc. 1, ¶ 39), including the Mt. Hawley Insurance Company policy that Judge Honeywell recently abstained from addressing. *See Mt. Hawley*, 2013 WL 6858946, at *5. Judicial economy and consistency therefore favor abstention in this action so that coverage under both policies can be determined in the state-court garnishment proceeding.

In sum, the Court finds that "considerations of federalism, efficiency, and comity" require the Court to abstain from exercising its jurisdiction in this case.[3] *See Ameritas*, 441 F.3d at 1330–31 (citation and internal quotation marks omitted). Defendants' motion to dismiss (Doc. 22) is therefore due to be granted, and Plaintiff's Complaint (Doc. 1) is due to be dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Unopposed Motion to Submit Additional Authorities (Doc. 36) is **GRANTED**.

---

[3] Although the Court's discussion focuses primarily on *Ameritas* factors four through eight, the Court has considered all nine factors in making its abstention determination.

2. Hampton's at Metrowest Condominium Association, Inc., Park Avenue at Metrowest, Ltd., and Epoch Management, Inc.'s Motion to Dismiss (Doc. 22) is **GRANTED**.

3. Plaintiff's Complaint for Declaratory Judgment (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate any other pending motions and close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 27, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record